FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUN 6 2005 ★
BROOKLYN OFFICE

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

-against-

NATHAN WEISS,

    Defendant.

- - - - - - - - - - - - - - - X

ORDER OF CRIMINAL FORFEITURE

CR 03-489
(Korman, J.)

WHEREAS, in the above-captioned criminal action, the United States of America sought the forfeiture of specific properties, or in the alternative, substitute assets, of the defendant, NATHAN WEISS, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982; and 28 U.S.C. § 2461(c);

WHEREAS, on April 1, 2004, the defendant NATHAN WEISS, entered a plea agreement with the United States, and agreed, *inter alia*, to plead guilty to Count Two of the above-captioned Indictment charging him with a violation of Title 18 U.S.C. Section 1960;

WHEREAS, the defendant NATHAN WEISS, *inter alia*, has as part of his Plea Agreement with the United States, agreed to the entry of an Order of Forfeiture against the defendant, and to forfeit to the United States all right, title and interest in properties constituting or derived from proceeds traceable to the offenses contained in Count Two of the Indictment; and

WHEREAS on April 2, 2004 this Court accepted the defendant's guilty plea; and

WHEREAS, by virtue of the Defendant having pled guilty and waived all his constitutional, legal and equitable defenses and rights to the forfeiture allegation of the Indictment, the United States is now entitled to possession of the forfeited property, pursuant to 18 U.S.C. §§ 981 (a)(1)(C), 982, 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. §§ 981, 982, 28 U.S.C. § 2461 (c), and Fed. R. Crim. P. 32.2, the Plea Agreement, and guilty plea, which have been accepted by this Court, the Defendant, NATHAN WEISS, agrees to the entry of a forfeiture judgment (hereinafter "the Forfeiture Judgment") in favor of the United States and against the Defendant and to the forfeiture to the United States any and all right, title, interest, and/or control that he has over all the following Forfeited Funds:

   (a) HSBC Account No. 078788372, held in the name of 405 Bedford Avenue Development Corp.; and

   (b) JP Morgan Chase Account No. 247500540465, held in the name of Arzye Halvunon and/or Gemilas Chesed.

2. All the Forfeited Funds are hereby forfeited and surrendered to the United States.

3. The Defendant shall take all steps necessary to fully assist the United States in effectuating the surrender of the

Forfeited Funds to the United States, including the execution of any and all documents necessary to effectuate the forfeiture of the Forfeited Funds to the United States and any and all documents necessary to effectuate the repatriation back to the United States of any Forfeiture Funds located outside the United States of America in which the defendant has any direct or indirect interest.

4. All payments of the Forfeited Funds shall be made part of the Forfeiture Judgment entered against the Defendant and shall be made by bank, certified check, or wire-transfer (ABA No. 021030004; ALC No. 00008153); made payable to the "United States Marshals Service for the Eastern District of New York;" and delivered by overnight mail to the United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201 Att: Claire S. Kedeshian, Assistant U.S. Attorney. Written proof of any payment by wire-transfer shall be provided to the United States Attorney's Office for the Eastern District of New York and the United States Marshals Service for the Eastern District of New York.

5. The United States Marshals Service for the Eastern District of New York shall deposit any and all payments of the Forfeiture Judgment into an interest-bearing escrow account pending further order of the Court.

6. In accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853 (n)(1), the United States Marshals Service shall publish notice of this Order and of the intent to dispose of the property in such a manner as the United States Marshal may direct. Such notice shall be published in accordance with the custom and practice in this district, in an newspaper of general circulation, and shall provide notice that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier.

7. Any person, other than the above-named defendant, asserting a legal interest in the property subject to forfeiture may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property to be forfeited, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982.

8. Any petition filed by a third party asserting an interest in the properties to be forfeited shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of petitioner's right, title and interest in

the property, and any additional facts supporting the petitioner's claim and the relief sought.

9. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the property subject to this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

10. In accordance with Fed. R. Crim. P. 32.2 (c)(1)(B), the Government is hereby authorized to conduct any discovery necessary to help identify, locate or dispose of any and all properties forfeited pursuant to this Order of Forfeiture, and to to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of any third parties.

11. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of his sentencing and shall be made party of the sentence and included in the judgment.

12. As provided by Fed. R. Crim. P. 32.2(c)(2), upon adjudication of all third-party interests, or in the absence of any claims or petitions filed by third parties, the Court will enter a Final Order of Forfeiture.

13. The United States shall have clear title to the properties to be forfeited following the Court's disposition of

all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

14. The Clerk of Court shall forward five (5) certified copies of this Order to Assistant U.S. Attorney Claire S. Kedeshian, United States Attorney's Office, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

**IT IS SO ORDERED:**

Dated: Brooklyn, New York
       May 18, 2005

                                                   s/Edward R. Korman
                                                  HONORABLE EDWARD R. KORMAN
                                                  UNITED STATES DISTRICT JUDGE